LONDON v. BYNUM.

(Filed November 15, 1904).

1. PARTNERSHIP—*Marshaling Assets—Exoneration.*

Where parties execute a mortgage on two tracts of land, one of which they afterwards sell to a corporation for a consideration that the corporation will pay the partnership debt, creditors of the corporation can not compel the creditors of the partnership to sell the tract not conveyed to the corporation before receiving their *pro rata* part of the assets of the corporation.

2. JUDGMENTS—*Deeds—Marshaling Assets.*

Partners, who conveyed property to a corporation of which they were directors and withheld the deed from record for two years, are not entitled to avail themselves of a stipulation in the deed for the payment of certain partnership debts, as against their individual creditors who record judgments before the said registration.

3. CORPORATIONS—*Partnerships—Marshaling Assets.*

Where a corporation assumed the existing debts of a partnership as a part consideration for a conveyance of partnership property, the debts of the corporation, which became insolvent, were not entitled to a preference over those of the partnership.

ACTION by W. L. London against L. B. Bynum and others, heard by *Judge H. R. Bryan,* at May Term, 1904, of the Superior Court of CHATHAM County. From a judgment for the plaintiff the defendant appealed.

*R. H. Hayes,* for the plaintiff.

*H. A. London* and *Shepherd & Shepherd,* for the defendant.

Montgomery, J.   We deem it unnecessary to discuss in this case either the doctrine of exoneration or that of marshaling of securities.   The facts agreed on by the parties do not raise any such questions.   The rights and duties of the plaintiff in the premises arise upon the terms and stipulations contained in a certain deed, of date January 22, 1902, executed by the defendants, L. B. Bynum, C. W. Bynum and E. L. Haughton, who had theretofore been doing business as a partnership under the name of Bynum & Haughton, to the Bynum Milling and Mercantile Company.   In that deed were conveyed eight acres of land, the property of the three above-named defendants, and known as the "Bynum Mill," and it was expressly agreed and stipulated therein as a part of the consideration thereof that the grantee (the Bynum Milling and Mercantile Company) should assure and obligate itself to pay, first, "the existing indebtedness of L. B. and C. W. Bynum, amounting to $3,750 and interest, which is secured by a deed of trust upon the real estate herein conveyed, as well as upon certain other property of C. W. Bynum; second, all the existing indebtedness of the copartnership of the parties of the first part, growing out of its mercantile and milling business."

The debt of $3,750 is still unpaid, and besides there is still due of the indebtedness of the old partnership of Bynum & Haughton about $2,000.   The plaintiff is the duly appointed receiver of the now insolvent corporation, the Bynum Milling and Mercantile Company, and contends that the 340 acres of land belonging to C. W. Bynum, which was conveyed in the deed of trust along with the eight acres known as the "Bynum Mill," the property of L. V. Bynum,

C. W. Bynum and E. L. Haughton, to secure the $3,750 debt, should be sold and the proceeds applied to that debt before that creditor should be allowed to participate in the proceeds of the sale of the eight-acre mill tract. His Honor took that view of the matter, and as a part of the judgment, Erwin, the trustee, was directed to sell the 340 acres, the property of C. W. Bynum, and apply the proceeds to the discharge of the $3,750.

We do not concur in the conclusion of the Court below. As we have said, the debt of $3,750 was the debt of the two Bynums and it was secured by a deed of trust upon property, the mill tract of eight acres belonging to L. B. and C. W. Bynum and E. L. Haughton, and 340 acres belonging to C. W. Bynum individually. The deed from the Bynums and Haughton to the Bynum Mill and Mercantile Company, of which corporation the plaintiff is receiver, contains the specific stipulation that as a part of its consideration the grantee (the corporation) should assume the debt of $3,750, and when the corporation received that deed, that act was equivalent to a promise to release the individual property of C. W. Bynum (the 340 acres) from the operation of the deed of trust.

The judgment contained a further direction and order that the plaintiff receiver sell the eight-acre mill tract, and out of two-thirds of the proceeds he should first pay off two judgments, one in favor of W. A. Foushee and the other in favor of W. V. Atwater, obtained at August Term, 1903, of Chatham Superior Court, against L. B. Bynum and C. W. Bynum—the said judgments having been obtained before the deed from L. B. Bynum, C. W. Bynum and E. L. Haughton to the Bynum Mill and Mercantile Company had been registered. The defendants except to that part of the judgment, on the ground that a part of the consideration of the deed from the Bynums and Haughton to the corporation

was that the partnership debts of Bynum & Haughton should be paid by the corporation next after the $3,750 debt of the Bynums had been paid, and that those judgments were not judgments against the partnership of Bynum and Haughton. It is true that the judgments, so far as the facts agreed disclose, were obtained against the Bynums as individuals and the deed from the Bynums and Haughton to the corporation did contain an agreement, on the part of the corporation, to pay the partnership debts after the debt of $3,750 should have been paid, but the only stockholders and directors of the corporation, C. W. Bynum, L. B. Bynum and E. L. Haughton, were the members of the partnership also, and they were the three men who made the deed to the corporation. They withheld the deed from registration for two years. In that interim Foushee and Atwater procured their judgments against the two Bynums, and their judgments became liens on the interests of the two Bynums in the mill property, which was two-thirds of the whole. For that state of affairs the Bynums and Haughton are alone responsible and they cannot complain that, to that extent, they lost the benefit of the stipulation in their deed to the corporation that the debts of the old firm should be paid by the corporation. They cannot take advantage of their own laches. The exception cannot be sustained. His Honor held, however, that the receiver should pay, out of the proceeds of the sale of the mill property the debts of the corporation before he paid those of the old firm of Bynum and Haughton. We think that was error, for the reason that in the deed from the Bynums and Haughton to the corporation, the corporation agreed, as a part of the consideration of the deed, that it would assume the debts of the late partnership. Except as to that part of the judgment concerning the Foushee and Atwater judgments, there is

Error.